UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-01775-JAK (SK) | Date | August 25, 2016 |
|---|---|---|---|
| Title | Carl Jeff Ewell v. J. Gastelo | | |

Present: The Honorable  Steve Kim

| Marc Krause | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE

On July 15, 2016, Petitioner constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the petition on its face is untimely and procedurally defaulted. For either or both of these reasons, the petition is subject to dismissal.

A federal habeas petitioner must file a petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2).

Further, even if tolling were available, a timely petition is independently subject to dismissal if it was procedurally defaulted in state court. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id*. at 729-30.

Here, Petitioner alleges that he was convicted on November 2, 1995. He pursued a direct appeal, which was denied by the California Court of Appeal in January 1998 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-01775-JAK (SK) | Date | August 25, 2016 |
|---|---|---|---|
| Title | Carl Jeff Ewell v. J. Gastelo | | |

by the California Supreme Court in April 1998.[1]  Petitioner alleges that he filed a habeas petition in San Bernardino Superior Court in September 1998, which was denied shortly thereafter.  Petitioner filed a second habeas petition in San Bernardino Superior Court in August 2003, which he subsequently pursued in the California Court of Appeal and the California Supreme Court.  In December 2004, the California Supreme Court denied his petition.  Petitioner filed a third habeas petition in San Bernardino Superior Court in April 2015, raising the same issues as in his federal petition, which was denied in a written opinion citing, among other cases, *In re Robbins*, which states that substantially delayed habeas petitions without good cause for the delay and which do not fall into an exception to the bar are untimely.  18 Cal. 4th 770, 780-781 (1998).  Petitioner pursued his third habeas petition in the California Court of Appeal and the California Supreme Court, which both summarily denied the petition without comment.

On the face of the petition, Petitioner has no explanation for the extensive delays between applications for state post-conviction and collateral review.   Petitioner has several unexplained gaps –between direct appeal and his first state habeas petition, his first and second state habeas petitions, and his second and third habeas petition- during which there were no properly filed application for state post-conviction or collateral review pending that would have triggered statutory tolling.  Petitioner has not offered any facts supporting tolling otherwise.  Thus, Petitioner's AEDPA deadline within which to file his federal petition is far passed and the petition is facially untimely.

In addition, the San Bernardino Superior Court, the last reasoned decision, denied the claims in the instant petition citing to *In re Robbins*, which the U.S. Supreme Court found constitutes an independent and adequate state procedural bar to federal habeas review, despite discretionary application.  *See Abedi v. Grounds*, 500 F. App'x 668, 669 (9th Cir. 2012) (*citing Walker v. Martin*, 562 U.S. 307, 317 (2011)).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE on or before **September 23, 2016** why this action should not be dismissed as untimely pursuant to the one-year statute of limitations and/or as procedurally defaulted.  Petitioner is advised that

---

[1] Although Petitioner was convicted and sentenced in 1995, AEDPA applies because his conviction became final and his petition was filed after AEDPA's enactment in 1996.  *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) ("State prisoners […] whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-01775-JAK (SK) | Date | August 25, 2016 |
|---|---|---|---|
| Title | Carl Jeff Ewell v. J. Gastelo | | |

he bears the burden to demonstrate that he may be entitled to statutory or equitable tolling, and that even if Petitioner establishes that the petition is timely, he must establish cause and prejudice to excuse the procedural default in the California Supreme Court that otherwise precludes federal habeas review.

**Petitioner is advised that the failure to file a timely response to this order will result in a recommendation that this action be dismissed for failure to comply with a court order and failure to prosecute.** Fed. R. Civ. P. 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, Petitioner may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal," attached. The Clerk is directed to provide Petitioner with a Notice of Dismissal Form (CV-009).